# IN THE SUPERIOR COURT OF GUAM

MARIA DUENAS LEON GUERRERO, )  Civil Case no. CV0832-12
 )
    Plaintiff, )
 )
  vs. )  **DECISION AND ORDER**
 )
JAMES JI, )
 )
    Defendant. )
 )
 )
 )
_____)

This matter came before the Honorable Judge Michael J. Bordallo through assignment on September 3, 2013 pursuant to 7 GCA § 4103. At the time of assignment, pending in this matter were: 1) Defendant's July 16, 2013, Motion to Withdraw as Counsel; and Plaintiff's April 22, 2013 motion, entitled, Plaintiff-Counter-Defendant Maria Duenas Leon Guerrero's Motion to Dismiss Count II of Defendant-Counter Plaintiff's Counterclaim; Motion for Sanctions. Plaintiff is represented by attorney Anita P. Arriola. Defendant is represented by attorney Ron Moroni. Having received and reviewed the arguments, papers, and file herein the Court now issues the following motion GRANTING Defendant's Attorney's request to withdraw and DENYING Plaintiff's motion to dismiss and for sanctions.

## BACKGROUND

This case arises out of Plaintiff's July 11, 2012, Complaint for breach of contract, negligence, declaratory and injunctive relief. Plaintiff's causes of action are based in allegations surrounding a home renovation contract. Default was entered against Defendant on August 28, 2012. The default was set aside by stipulation and Defendant filed a Verified Answer and Counterclaim on January 31, 2013. Defendant's counterclaim contains counts for breach of contract and defamation.

On February 7, 2013, Plaintiff filed a motion to dismiss Count II of Defendant's counterclaim and for attorney fees and sanctions. In support of her requests Plaintiff asserts that Count II of Defendant's counterclaim arises out of the complaint she filed with the Guam Contractor's License Board on May 15, 2011. She argues that any statements that she made in her complaint were protected by the Citizen Participation in Government Act found in Chapter 17 of Title 7 of the Guam Code. Citing to Section 17106(e) Plaintiff requests that the Court dismiss count 2 of Defendant's counterclaim and order Defendant to pay her attorney fees and the cost of litigation. Plaintiff also requests that the Court enter individual sanctions of $10,000.00 each, against Defendant Ji, his attorney Ron Moroni and the Moroni Law Offices. Defendant did not file an opposition to Plaintiff's request.

On July 16, 2013, Defendant's attorney Ron Moroni filed a motion to withdraw as counsel. In support of his request attorney Moroni asserts that Defendant has indicated that he will not pay the fees agreed in the retainer agreement and that Defendant insists upon a course of action with which attorney Moroni fundamentally disagrees.

On August 23, 2013 Plaintiff filed an opposition to attorney Moroni's request. In support of her opposition Plaintiff argues that attorney Moroni through his withdrawal is attempting to avoid sanction liability as mandated by the Citizen Participation in Government act and his continued participation is therefore necessary.

## DISCUSSION

### I. Plaintiff's Motion to Dismiss

### a) Moving and Nonmoving Burdens Under 7 GCA § 17101 et. seq.

When applying the mandates of any statute a court must begin by examining its plain meaning. *Palomo v. Manglona*, 2012 Guam 18 ¶ 27, see *Enriquez v. Smith*, 2012 Guam 15 ¶ 18 (In instances where a trial court is presented with any motion to dispose of a claim, even if pled

alternatively, that raises the immunity from liability described in the CPGA, the trial court should first determine whether the claim actually falls within the scope of the CPGA). One of the most basic rules of statutory interpretation is that all of the words in a statute must be given their plain effect. *Ohio Valley Environmental Coalition v. Aracoma Coal Co.*, 556 F.3d 177, 218 (4th Cir. 2009).

Sections 17101-109 of Title 7 of the Guam Code are entitled Citizen Participation in Government Act (hereafter CPGA). Sections 17101 *et. seq.* Its enabling language provides for the protection of citizens participation in government processes. 7 G.C.A § 17102. This language, on its face, enables and limits. *Id.*[1]

---

[1] Section 17102 of Tile 7 of the Guam Code provides,

§ 17102. Legislative Findings and Declaration of Purposes.
(a) Findings. I Liheslaturan Guåhan [The Guam Legislature] finds and declares that:
(1) the framers of the United States Constitution, recognizing citizen participation in government as an inalienable right essential to the survival of democracy, secured its protection through the right to petition the government for redress of grievances in the First Amendment to the U.S. Constitution;
(2) the communications, information, opinions, reports, testimony, claims and arguments provided by citizens to their governments are essential to the making of wise government decisions and public policy; the public health, safety and welfare; effective law enforcement; the efficient operation of government programs; the credibility and trust afforded government; and the continuation of America's republican form of government through representative democracy in America;
(3) civil lawsuits and counterclaims, often claiming millions of dollars, have been, and are being, filed against thousands of citizens, businesses and organizations based on their valid exercise of their right to petition, including seeking relief, influencing action, informing, communicating, and otherwise participating with government bodies, officials, or employees or the electorate;
(4) such lawsuits, called 'Strategic Lawsuits Against Public Participation' or 'SLAPPs' are typically dismissed as unconstitutional, but often not before the defendants are put to great expense, harassment and interruption of their productive activities;
(5) the number of SLAPPs has increased significantly over the past thirty (30) years;

It enables the protection of a citizen's unfettered right to communicate to his or her government notwithstanding the utter inaccuracy of the communications or the misplaced intentions of the declarant. *Id.* However, protected communications are also strictly limited to communications about the government, its actions, people and processes: essential to the survival of democracy; to the making of wise government decisions; the efficient operation of public programs; to the credibility and trust afforded government; and to "the continuation of

(6) SLAPPs are an abuse of the judicial process; they are used to censor, chill, intimidate, or punish citizens, businesses and organizations for involving themselves in public affairs, and controlling SLAPPs will make a major contribution to lawsuit reform;

(7) the threat of financial liability, litigation costs, destruction of one's business, loss of one's home and other personal losses from groundless lawsuits seriously affects government, public welfare and individual rights by significantly diminishing public participation in government, in public issues and in voluntary service;

(8) while courts have recognized and discouraged SLAPPS, judicial protection of these important rights has not been uniform or comprehensive; and

(9) while some citizen communications to government inevitably will be incorrect, unsound, self-interested or not in good faith, it is essential in our democracy that the constitutional rights of citizens to participate fully in the process of government be uniformly, consistently, and comprehensively protected and encouraged.

(b) Purposes. The purposes of this Chapter are:

(1) to protect and encourage citizen participation in government to the maximum extent permitted by law;

(2) to create a more equitable balance between the rights of persons to file lawsuits and to trial by jury, and the rights of other persons to petition, speak out, associate and otherwise participate in their governments;

(3) to support the operation of and assure the continuation of representative government in America, including the protection and regulation of public health, safety and welfare by protecting public participation in government programs, public policy decisions and other actions;

(4) to establish a balanced, uniform, comprehensive process for speedy adjudication of SLAPPs, as a major contribution to lawsuit reform; and

(5) to provide for attorneys fees, costs, sanctions and damages for persons whose citizen participation rights have been violated by the filing of a SLAPP against them.

America's republican form of government through representative democracy in America."[2] *Id.*

Absent this, any communication to the government designed to procure government action falls outside the dismissive and punishing scope of the act; a disgruntled neighbor's report to the police; a civil suit for fraud; expressions of personal animus to a professional licensing board. Without clear and convincing showing of a non-government purpose, all these, if within the act, are immediately subject to dismissal and punishment. 7 GCA § 17106.

While perhaps a broad application of CPGA increases the reporting of possible violations of rules, codes and common duties, it disallows the resolution of disputes on their merits and punishes any inquiry into the veracity or truth of any statement. For example, under a different scenario Plaintiff may have falsely or with animus reported other facts to the Guam Contracting Board. She may have reported that the instant renovation was one of five she had contracted with Defendant and in each of them Defendant had used beach sand in the cement mixture, had taken various valuable items of personal property, and was using the unfinished homes as places to engage in lewd acts. If applied as requested the CPGA would prohibit and punish any inquiry into the veracity or intent of the report. It would bar valid legal remedies for legitimate and foreseeable harms. 19 GCA §§ 2102-104. The same could be said of a disgruntled client who falsely reports to the licensing board that their attorney has embezzled trust funds, a patron who reports that the chef at a popular restaurant has communicable diseases or a parent who reports that their daycare provider is a pedophile.

It cannot be argued that this double edge effect is significant to survival of democracy or advantageous to the processes of representative government. 7 GCA §§ 17102 and 17104.

---

[2] Section 17103 specifically defines the term government as a, "branch, department, agency, instrumentality, official, employee, agent or other person acting under color of law . . . including municipalities and their boards, commissions, and departments, or other public authority." 7 GCA § 17103.

While allowing for due and considered inquiry into truth, our carefully developed laws and rules already allow for awards of attorney fees and litigation costs.[3] These laws already encourage the reporting of rule violations while protecting against malice and carelessness. Conversely, as set forth in Brizill, encouraging and allowing citizens to criticize or communicate their concerns about candidates for public office, public officials, works or processes, within the First Amendment's marketplace of ideas, and without fear of legal action, certainly falls within the CPGA's enabling purposes. Id.; Guam Greyhound, Inc. v. Brizill, 2008 Guam 13.

Accordingly the threshold requirements of the CPGA require that a citizen first assert, that they are communicating with a government and second, that they are communicating about the acts of that government. 7 GCA §§ 17102 and 17104; see Enriquez, 2012 Guam 15 ¶ 18 (a trial court should first determine whether the claim actually falls within the scope of the CPGA). Once this threshold requirement has been met, the burden of persuasion by clear and convincing evidence falls upon the non-moving party. 7 GCA §§ 12106(c) and (e). Absent meeting the inverse burden that the actions of the moving party are not within the processes of government and not designed to procure government action, the CPGA mandates a summary dismissal and order of costs. Id. at §§ 17106(a) and (e).

---

[3] Guam R. Civ. P. 11; 5 GCA § 32107 (On a finding by the court that an action under this chapter was groundless and brought in bad faith, or brought for the purpose of harassment, the court shall award to the innocent party reasonable and necessary attorneys' fees and court costs); 7 GCA 11306 (A person against whom a suit is filed may recover attorney's fees and damages where the Court determines that a false accusation was made with no basis in fact and with malicious intent. A verdict in favor of the accused shall not be the sole basis for a determination that an accusation was false); Fleming v. Quigley, 2003 Guam 4, ¶¶ 6, 7 and fn 3, 26 fn 9 (Under the American Rule, parties bear their own litigation expenses, including attorney's fees. . . . The exceptions to the American rule include where attorney's fees are: (1) authorized by statute, (2) authorized by contract, or (3) allowed in judicially-established equitable circumstances); 7 GCA

In this case, Plaintiff asserts that her statements, reporting the Defendant to the Guam Board of Contractors, are the basis of his defamation action against her and that they are therefore are protected by CPGA. Mot. at 4-6. Defendant's Counterclaim provides,

> On or about May 2011 Plaintiff published a statement defaming Defendant and injuring Defendant's business reputations. Specifically, the Plaintiff falsely reported to the Guam Contractors' Licensing Board, that Defendant had performed in a shoddy and unwork-manlike manner, when completing renovations on Plaintiff's home.

Countercl. at 4 ¶ 9. Applying the above standards, the Court is not persuaded that Defendant's pleading complains of actions specifically protected by Section 17102. 7 GCA §§ 17102(a)(2) and 17104. While it asserts that Plaintiff made statements to a Guam government agency it does not allege that those statements were about government processes, actions or persons, essential to democracy. Countercl. at 4 ¶ 9. Rather it contains complaints of a dispute between two private citizens brought by one to the attention of a government agency. *Id.* As such, Plaintiff's moving papers fail to meet the threshold requirements of the act. 7 GCA §§17102 and 17014. They assert no facts or legal arguments to support a finding that Defendant was acting under color of law or a necessary part of government processes. Mot. at 1-9. Absent this or other assertions of government action, the Court is unable to analyze or grant the relief requested. 7 GCA §§17102 and 17014.

**b) Additional Sanctions and Damages**

Subsection 17106(g)(2) requires that upon dismissal the Court consider sanctions. 7 GCA 17106(g)(2). Under this Subsection any award of sanctions is discretionary. *Id.* Subsections 17106(g) and (g)(2) provide,

> (g) the court shall award a moving party who is dismissed . . .

---

§ 26602 (costs are allowed of course to the plaintiff upon a judgment in an action for the recovery of money or damages).

. . . .

(2) such additional sanctions upon the responding party, its attorneys or law firms as it determines will be sufficient to deter repetition of such conduct and comparable conduct by others similarly situated.

*Id.*

An award of sanctions under this Subsection is dependent upon a finding of the amount, if any, which is necessary to deter. *Id.* Inherent in such a finding and necessary to a sanction award are facts which support probable recidivism. *Id.* It is also dependent upon the applicability of CPGA. For the reasons stated above, the request for sanctions is denied.

**II. Motion to Withdraw**

Defendant's attorney for reasons of non-payment and fundamental disagreement in case strategy requests that he be allowed to withdraw as attorney of record in this matter. In support of this request he asserts that there are no pending motions or approaching deadlines and that a trial has not been set. The Opposition is based upon the Court holding the CPGA applies. Accordingly the Court, having held CPGA inapplicable, finds that these assertions are sufficient to support an order allowing withdrawal.

**CONCLUSION**

For the above reasons Plaintiff's motions to dismiss and motion for sanctions are DENIED. Defendant's motion to withdraw is GRANTED.

SO ORDERED, this _____ day of _____ 2013.

OCT 2 5 2013

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

Page **8** of **8**